# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHELLE WHITE, individually, and**
**on behalf of all others similarly situated,**

**Plaintiff**

**v.**

**VNA HOMECARE INC., d/b/a**
**VNA TIP HOMECARE,**

**Defendant.**                                    **No. 11-0971-DRH-PMF**

_____

**APRIL BECK, for herself and on**
**behalf of similarly situated others,**

**Plaintiff,**

**v.**

**VNA HOMECARE, INC., d/b/a**
**VNA TIP HOMECARE,**

**Defendant.**                                    **No. 12-0330-DRH-PMF**

_____

_____

**GAYLE HATFIELD, for herself and on
behalf of similarly situated others,**

**Plaintiff,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**

**Defendant.**                                          **No. 12-0331-DRH-PMF**

---

**MICHELE MARLOW and
TONYA SMITH, for themselves
and on behalf of similarly
situated others,**

**Plaintiffs,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**

**Defendant.**                                          **No. 12-0332-DRH-PMF**

<u>**ORDER**</u>

<u>**HERNDON, Chief Judge**</u>:

      Pending before the Court is defendant's May 29, 2012 motion to consolidate

that was filed only in *White v. VNA Homecare, Inc.*, 11-0971-DRH-PMF (Doc. 43).

The motion seeks consolidation of the four above captioned cases. On July 2, 2012,

the Court directed the plaintiffs in 12-330, 12-331 and 12-332 to file a response to the motion.  Plaintiffs did file separate responses opposing the motions in those cases.[1]  Based on the following, the Court denies the motion to consolidate.

All of these cases consist of allegations that defendant violation the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWl") and the Illinois Wage Payment and Collection Act ("IWPCA") by failing to pay to plaintiffs and other former and current employees overtime pay.  In all four cases, defendant is represented by counselors Bryan D. LeMoine and Brian M. O'Neal with the law firm of McMahon Berger, P.C. in St. Louis, Missouri.  Plaintiff White is represented by the law firms of Touhy, Touhy, Buehler & Williams, LLP and Onder, Shelton, O'Leary & Petterson, LLC; while plaintiffs Beck, Hatfield, Marlow and Smith are represented by the law firm of Maduff & Maduff, LLC in Chicago, Illinois.

In Count I of plaintiff White's Amended Complaint alleges a violation of the FLSA seeking redress for alleged failure by VNA to pay overtime to her, a registered nurse, and similarly situated current and former employees.  Count II of White's Amended Complaint contains similar allegations under the IMWL on behalf of herself and a class of similarly situated current and former employees.  Also, in Count II of the Amended Complaint, White alleges defendant failed to pay plaintiff and a proposed class of current and former employees overtime that was due and owing and that this is a violation of the IWPCA.

---

[1]As of the date, plaintiff White has not responded to the motion.

Plaintiff Beck's complaint seeks to represent a class of Licensed Practical Nurses who worked for defendant for a period of three years prior to the filing of the complaint for violations of the FLSA. She also asserts in her complaint two separate class action claims arising under the IWML and the IWPCA. Her claim under the IWPCA seeks compensation for all hours worked pursuant to a contract.

Plaintiff Hatfield's complaint seeks to represent a class of physical therapists who worked for defendant for a period of three years prior to the filing of the complaint for violations of the FLSA. She also asserts in her complaint two separate class action claims under the IWML and the IWPCA. Her claim under the IWPCA seeks compensation for all hours worked pursuant to a contract.

Plaintiffs Marlow and Smith's complaint seek to represent a class of registered nurses who worked for defendant for a period of three years prior to the filing of the complaint for violations of FLSA. They also assert in their complaint two separate class action claims arising under the IWML and the IWPCA. Their claim under the IWPCA seeks compensation for all hours worked pursuant to a contract.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;1
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The granting of consolidation is reviewed for an abuse of discretion. *Star Insurance Company v. Risk Marketing Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009); *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir.1992); *United States v. Knauer*, 149

F.2d 519, 520 (7th Cir.1945). The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it. *Ikerd v. Lapworth,* 435 F.2d 197, 204 (7th Cir.1970); *Knauer,* 149 F.2d at 520.

Defendant contends that these cases are similar in that the lawsuits involve many identical questions of law and fact and, in resolving such issues, all four cases will require the same witnesses for depositions  and at trial.  Defendants maintain that the four lawsuits clearly seek to represent the same current and former employees of defendant.  Beck, Hatfield, Marlow and Smith counter that there are substantial factual and legal differences between these cases which militate against consolidation.  Specifically, plaintiffs argue that there is no dispute that their causes of action seek to represent different collective and different classes as the class definitions are different, the claimed violations are different, the job categories are different and the potential defenses are different.  The Court agrees with plaintiffs Beck, Hatfield, Marlow and Smith in that the class definitions and claims are different throughout the cases.

Here,  the Court does not find that consolidating these four cases would aid in preserving judicial economy, even though there are existing common questions of law and fact. The parties can avoid overlapping, redundant discovery by agreeing to stipulate to the use of certain discovery items produced in one case for use in the other cases.  As such, in the Court's discretion, it does not find good cause under Rule 42(a) to consolidate these cases.

Accordingly, the Court **DENIES** defendant VNA Homecare, Inc.'s motion to consolidate filed in 11-0971 (Doc. 43).

**IT IS SO ORDERED.**

Signed this 1st day of August, 2012.

Digitally signed by
David R. Herndon
Date: 2012.08.01
09:45:04 -05'00'

**Chief Judge**
**United States District Court**