# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS


**MICHELLE WHITE, individually, and
on behalf of all others similarly situated ,**

**Plaintiff,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**

**Defendant.**                                          **No. 11-0971-DRH-PMF**

---

**APRIL BECK, for herself and on
behalf of similarly situated others,**

**Plaintiff,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**


**Defendant.**                                          **No. 12-0330-DRH-PMF**

---

[1]

**GAYLE HATFIELD, for herself and on
behalf of similarly situated others,**

**Plaintiff,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**

**Defendant.**                                    **No. 12-0331-DRH-PMF**

---

**MICHELE MARLOW and
TONYA SMITH, for themselves
and on behalf of similarly
situated others,**

**Plaintiffs,**

**v.**

**VNA HOMECARE, INC., d/b/a
VNA TIP HOMECARE,**

**Defendant.**                                    **No. 12-0332-DRH-PMF**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

[2]

Pending before the Court is a motion for appointment of Maduff & Maduff, LLC as lead counsel by plaintiffs Beck, Hatfield, Marlow and Smith (Doc. 71). Counsel for plaintiff White filed an opposition to the motion (Doc. 73).1   Based on Federal Rule of Civil Procedure 23(g) and the following, the Court **DENIES** Maduff and Maduff's motion for appointment as lead counsel and **APPOINTS** plaintiff White's counsel as lead counsel.

Both groups of counsel are experienced in these matters.  The Court has certainly had the opportunity to observe counsel for both sides in court and finds each to be quite knowledgeable.  The Court is far more familiar with certain members of the White legal team (Mr. Niemeyer and his firm) and therefore know quite well their abilities and competence when it comes to matters under review. The Beck legal team equate their participation with the ultimate increase in settlement value.   They extrapolate then that only they are the best qualified to be lead counsel given that plus their long experience in these matters.

The White team on the other hand suggest both groups be named lead counsel given the experience of both groups.   However, given the acrimony between the groups, the Court does not think that would be a good idea and in light of the Court's knowledge and past experience with the Onder law firm and the level of experience of the White team, the Court appoints the White group as lead counsel.

Accordingly, the Court **DENIES** the motion for appointment of Maduff &

---

1 The motion and response were filed in all four cases.   The Court refers only to the documents numbers filed in White v. VNA, 11-0971-DRH-PMF.

Maduff, LLC as lead counsel by Beck, Hatfield, Marlow and Smith (Doc. 71).

Pursuant to Rule 23(g), the Court **APPOINTS** White's counsel as lead counsel.

This appointment includes Terrence Buehler of Touhy, Touhy & Buehler, LLP,

Vincent DiTommaso and Peter Lubin of DiTommaso-Lubin P.C. and Mark R.

Niemeyer, James G. Onder, Michael S. Kruse of Onder, Shelton, O'Leary &

Peterson, LLC.

    **IT IS SO ORDERED.**

    Signed this 12th day of August, 2013.

David R. Herndon
2013.08.12
19:03:19 -05'00'

**Chief Judge**
**United States District Court**

[4]